# U.S. District Court [LIVE]
# Western District of Texas (Austin)
# CRIMINAL DOCKET FOR CASE #: <u>1:21−mj−00544−SH</u>−1

Case title: USA v. Wygovsky                    Date Filed: 07/02/2021
Other court case number:  1:21−mj−6663 Southern District of
                          New York

Assigned to: Judge Susan Hightower

**Defendant (1)**

**Sean Wygovsky**

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 15 U.S.C. §§ 78j(b) & 78ff Securities Fraud; 18 U.S.C. §§ 1343 & 2 Wire Fraud − Southern District of New York | |

**Plaintiff**

| **USA** | represented by | **Matt Harding** |
|---|---|---|
| | | United States Attorney's Office |
| | | 903 San Jacinto Blvd., Suite 334 |
| | | Austin, TX 78701 |
| | | 512−370−1244 |
| | | Email: matt.harding@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|

| 07/02/2021 | 1 | 3 | Arrest (Rule 5/Rule 32.1) of Sean Wygovsky. (kkc) (Entered: 07/02/2021) |
|---|---|---|---|
| 07/02/2021 | 2 | 12 | MOTION to Detain Defendant without Bond by USA as to Sean Wygovsky. (Harding, Matt) (Entered: 07/02/2021) |
| 07/02/2021 | 3 | 15 | Minute Entry for proceedings held before Judge Susan Hightower:Initial Appearance in Rule 5(c)(3)/ Rule 32.1 Proceedings as to Sean Wygovsky held on 7/2/2021 (Minute entry documents are not available electronically.) (Court Reporter FTR Gold − ERO.) (afd) (Entered: 07/02/2021) |
| 07/02/2021 | 4 | 17 | ORDER OF TEMPORARY DETENTION: as to Sean Wygovsky. Preliminary and Detention Hearing set for 7/8/2021 11:30 AM before Judge Susan Hightower. Signed by Judge Susan Hightower. (afd) (Entered: 07/02/2021) |
| 07/08/2021 | | | ORAL WAIVER of Preliminary Hearing by Sean Wygovsky. (kkc) (Entered: 07/08/2021) |
| 07/08/2021 | 5 | 19 | Minute Entry for proceedings held before Judge Susan Hightower: Detention Hearing as to Sean Wygovsky held on 7/8/2021. Motion to detain withdrawn. Conditions of release reviewed. (Minute entry documents are not available electronically.) (Court Reporter FTR.) (kkc) (Entered: 07/08/2021) |
| 07/08/2021 | 6 | 20 | ORDER Setting Conditions of Release as to Sean Wygovsky (1). Signed by Judge Susan Hightower. (kkc) (Entered: 07/08/2021) |
| 07/08/2021 | 7 | 24 | Appearance Bond Filed as to Sean Wygovsky in the amount of $1,000,000.00 (secured by $500,000.00 in cash deposited with the court). (kkc) (Entered: 07/08/2021) |
| 07/08/2021 | 8 | 26 | ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL as to Sean Wygovsky. Signed by Judge Susan Hightower. (kkc) (Entered: 07/08/2021) |

**FILED**

July 02, 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ kkc
                              DEPUTY

Approved:  */s/ Daniel M. Tracer*
           DANIEL M. TRACER
           Assistant United States Attorney

Before:    HONORABLE DEBRA FREEMAN
           United States Magistrate Judge
           Southern District of New York

Austin Case No.: 1:21-mj-544-SH

- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :    **SEALED COMPLAINT**
                                  :
              - v. -              :    Violations of
                                  :    15 U.S.C. §§ 78j(b) &
                                  :    78ff; 17 C.F.R. §
SEAN WYGOVSKY,                    :    240.10b-5; 18 U.S.C. §§
                                  :    1343 & 2.
              Defendant.          :
                                  :    COUNTY OF OFFENSE:
                                  :    New York
- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

        THOMAS McDONALD, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI") and charges as follows:

### COUNT ONE
### (Securities Fraud)

        1.  From at least in or about January 2015 through at least in or about April 2021, in the Southern District of New York and elsewhere, SEAN WYGOVSKY, the defendant, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, the mails and the facilities of national securities exchanges, used and employed manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, WYGOVSKY fraudulently misappropriated confidential information from his employer, a Canadian asset management firm (the "Employer Firm"), about the

Employer Firm's confidential securities trade orders and trading activity, and used that information for his own profit by directly and indirectly placing timely, profitable securities trades based on that information in accounts controlled or directed by WYGOVSKY, including in accounts held by his close relatives.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Section 2.)

## COUNT TWO
### (Wire Fraud)

2.    From at least in or about January 2015 through at least in or about April 2021, in the Southern District of New York and elsewhere, SEAN WYGOVSKY, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, WYGOVSKY, including through the use of interstate and foreign wires, fraudulently misappropriated confidential information from the Employer Firm about the Employer Firm's securities trade orders and trading activity, and used that information for his own profit by directly and indirectly placing timely, profitable securities trades based on that information in accounts controlled or directed by WYGOVSKY, including in accounts held by his close relatives.

(Title 18, United States Code, Sections 1343 and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

3.    I have been a Special Agent with the FBI for approximately thirteen years.  I am currently assigned to a squad that is responsible for investigating violations of the federal securities laws, as well as wire and mail fraud laws and related offenses.  I have participated in numerous investigations of these offenses, and I have made and participated in making arrests of numerous individuals for committing such offenses.

4.    The information contained in this affidavit is based upon my personal knowledge, as well as information obtained during this investigation, directly and indirectly, from other sources,

including documents provided by others, and from speaking with representatives of the United States Securities and Exchange Commission (the "SEC").  Because this affidavit is being submitted for a limited purpose, I have not set forth each and every fact I have learned in connection with this investigation.  Where conversations and events are referred to herein, they are related in substance and in part unless otherwise noted.  Where dates, figures, and calculations are set forth herein, they are approximate.

## Overview of the Scheme

5.    At all times relevant to this Complaint, SEAN WYGOVSKY, the defendant, resided in or around Toronto, Canada, and was employed as a securities analyst and trader at the Employer Firm.  The Employer Firm is an asset management firm based in Toronto, Canada with at least approximately $19 billion in assets under management.  WYGOVSKY has worked at the Employer Firm since at least in or about 2013, and prior to that, WYGOVSKY worked for other employers in the securities industry, including in New York, New York.

6.    As further described below, since at least in or about 2015, SEAN WYGOVSKY, the defendant, has engaged in a front running scheme whereby WYGOVSKY has been committing insider trading through the misappropriation of confidential, material, non-public information about the securities trade orders of the Employer Firm.  WYGOVSKY misapproripated this information in order to engage directly and indirectly in short-term personal securities trading designed to make millions of dollars in profits by executing trades that take advantage of relatively small price movements in a company's stock that follow from large securities orders executed on behalf of the Employer Firm (the "Front Running Scheme").  In order to hide his engagement in the Front Running Scheme, WYGOVSKY has engaged in this illicit personal trading in brokerage accounts held in the name of WYGOVSKY's close relatives.

7.    Based on my training and experience, large asset management firms, like the Employer Firm, require their employees to keep information about, among other things, their securities trade orders and executions strictly confidential and have prohibitions and safeguards designed to prevent their employees from using that information for any purpose outside the scope of their employment, including prohibitions concerning confidentiality, personal trading, and insider trading.  In particular, according to one of the Employer Firm's March 19, 2021 filings with the SEC, the Employer Firm represented (i) that it

maintains a Code of Ethics that includes, among other things, "general requirements that [the Employer Firm's] supervised persons comply with their fiduciary obligations to clients and applicable securities laws, and specific requirements relating to, personal trading, insider trading, conflicts of interest and confidentiality of client information;" (ii) that employees of the Employer Firm's must "comply with personal trading restrictions and report their personal securities transactions and holdings to [the Employer Firm's] Chief Compliance Officer"; and (iii) that, subject to certain exceptions, the Employer Firms' employees are prohibited from certain trading activity, including, among other things, "[t]hey generally may not invest in the same securities that [the Employer Firm] purchases, sells or is considering for the Funds."

### **The Fraudulent Scheme**

### The Illicit Front Running Trading

8. As part of my investigation, I have reviewed trading records as well as an analysis of trading records conducted by the SEC (the "Trading Analysis"). The Trading Analysis focuses on five brokerage accounts (the "Subject Accounts") maintained by three close relatives of SEAN WYGOVSKY, the defendant ("Relative-1," "Relative-2," and "Relative-3"). In particular, one of the Subject Accounts was maintained by Relative-1. At all times relevant to this Complaint, Relative-1 lived in or around Louisberg, North Carolina. The other four Subject Accounts were maintained by Relative-2 and Relative-3, who are married to each other. At all times relevant to this Complaint, Relative-2 and Relative-3 lived in or around Clifton, Virginia. For at least one of the Subject Accounts maintained by Relative-2 and Relative-3, WYGOVSKY is listed as beneficiary of the account in the event of the death of the accountholder.

9. Based on my review of the trading records and the Trading Analysis, I have learned that since at least in or about 2015, the Subject Accounts have generated millions of dollars in profits and that a substantial portion of those profits are attributable to the Front Running Scheme. In particular, I have observed a repeated pattern of short-term intraday trading in the Subject Accounts as follows: (i) one of the Subject Account buys (or short sells[1]) shares in a public company; (ii) minutes later, the

---

[1] Short selling is a method of trading designed to benefit from the decrease in the price of a stock whereby a trader borrows

Employer Firm begins executing purchases (or sales) of shares in that same company in quantities that are far larger than the amount of shares bought (or short sold) by the Subject Account. This trading by the Employer Firm leads to a slight, temporary movement in the price of the relevant company's stock during the window that the Employer Firm is executing its trades (the "Window"); namely, the stock price will tend to rise slightly if the Employer Firm is buying (consistent with the increased demand hitting the market), and the stock price will tend to drop slightly if the Employer Firm is selling (consistent with the increased supply hitting the market); (iii) during the Window, the relevant Subject Account then liquidates its position by selling (or buying to cover the short) shares in the company at the temporary inflated (or deflated) price created by the pressure of the Employer Firm's executions.

        a.  By way of example, on or about September 10, 2019, one of the Subject Accounts purchased approximately 30,000 shares of stock in a public company called Now Inc. ("DNOW"), whose stock trades on the New York Stock Exchange, between approximately 10:33 and 10:45 am. Then, beginning at approximately 10:55 am, the Employer Firm began executing an order to buy approximately 173,000 shares of DNOW. That order was executed over the next approximately five hours on September 10, 2019, and, during that time, caused DNOW's share price to increase slightly. While those purchases by the Employer were being executed, the Subject Account that had purchased 30,000 shares of NDOW sold all 30,000 shares at approximately 11:38 am for approximately $4,500 in profits.

        b.  By way of further example, on or about March 19, 2020, one of the Subject Accounts short sold approximately 25,000 shares of stock in a public company called Merit Medical Systems, Inc. ("MMSI"), whose stock trades on the NASDAQ, between approximately 10:52 and 11:03 am. Then, beginning at approximately 11:12 am, the Employer Firm began executing an order to sell approximately 131,591 shares of MMSI. That order was executed over the next approximately four hours on March 19, 2020, and, during that time, caused MMSI's share price to decrease slightly. While those sales by the Employer Firm were being executed, the Subject Account that had short sold 25,000 shares of MMSI purchased 25,000 shares (i.e., enough to cover its short position) at approximately 12:12 pm for approximately $27,450 in profits.

------

shares to sell in the market while agreeing to subsequently purchase shares to repay or "cover" the loan.

c. The Trading Analysis is ongoing, but to date, has revealed over 700 specific instances of trading in this pattern since in or about 2015, yielding a total of over $3.6 million in trading profits.[2]

10. As part of my investigation, I have also reviewed records from brokerage firms that were involved in executing trades on behalf of the Employer Firm. Brokerage records from at least one of these brokerage firms based in New York, New York (the "Broker") included the log-in information and IP address of the Employer Firm trader who was conducting the trading on behalf of the Employer Firm. In particular, records from the Broker include the log-in "swygovsky" for a substantial number of trades by the Employer Firm in 2019 and 2020, including many instances where "swygovsky" was the only trader from the Employer Firm logged into the Broker's trading system. These log-ins include dozens of instances where the time of the Employer Firm trading by "swygovsky" coincides with examples of the Front Running Scheme trading in the Subject Accounts described above.

a. By way of example, on or about November 10, 2020, between approximately 9:56 and 10:04 a.m., one of the Subject Accounts bought approximately 40,000 shares of Carparts.Com Inc ("PRTS") for an average price of approximately $9.70 per share. Then between approximatey 10:05 and 10:26 a.m., the Employer Firm purchased approximately 210,844 shares in PRTS for an average purchase price of $9.77 per share. On November 10, 2020, "swygovsky" was the only trader from the Employer Firm logged into the Broker's trading system and made various trade orders throughout the morning. Between approximately 10:12 and 11:19 a.m., the Subject Account that had purchased the PRTS shares that morning, sold those shares at an average price of $9.81 per share. This trading in PRTS by the relevant Subject Account resulted in at least approximately $4,300 in profits.

11. Based on my review of the trading records and the Trading Analysis, including IP logs that show the location of the account user, I have learned that SEAN WYGOVSKY, the defendant, engaged in a substantial portion of the personal trading in the Subject Accounts as part of the Front Running Scheme. For example, from in or about January 2015 through in or about February 2018, most of the trading comprising the Front Running Scheme was conducted

---

[2] The Subject Accounts also include other profitable trading activity, including some activity that does not involve same day purchases and sales of securities, and some trading activity that does not overlap with trading by the Employer Firm.

in one of the Subject Accounts belonging to Relative-2 and Relative-3 ("Account-1"). During that time, some of the log-ins to Account-1 and to the trading systemn of the Broker, which was executing trades on behalf of the Employer Firm, were conducted from the same Canadian IP address. Furthermore, despite the fact that Relative-2 and Relative-3 lived in Virginia, the overwhelming majority of the log-ins to Account-1 during the period were from Canada, where WYGOVSKY lives. Moreover, some of the IP addresses used to log into Account-1 were also used for log ins to a personal brokerage account belonging to WYGOVSKY.[3] In addition, IP address log-ins also show that the majority of the relevant trading in the Subject Account belonging to Relative-1 ("Account-2"), which was concentrated in and around 2020, was also conducted from locations in Canada.

        a. At times, the IP log-ins from the Subject Accounts show that the location of the relevant trading also occurred in other places that coincide with locations where WYGOVSKY was travelling. For example, travel records show that between in or about June and August of 2020, WYGOVSKY travelled to a Caribbean island (the "Caribbean Island"). Trading records show that the relevant trading in Account-2 during that period was conducted from the vicinity of the Caribbean Island. Similarly, travel records show that WYGOVSKY traveled to Nantucket, Massachusetts in or about August of 2020. Trading records show that the relevant trading in Account-2 during that period was conducted from Nantucket.

### Financial Transfers back to WYGOVSKY

    12. Based on my review of financial records, I have also learned that Relative-2 and Relative-3 sent money to SEAN WYGOVSKY, the defendant, and his family, including proceeds of the Front Running Scheme, during the operation of the Front Running Scheme. In particular, Relative-2 and Relative-3 maintain at least one bank account at HSBC (the "Bank Account"). At all times relevant to this Complaint, the Bank Account was funded almost entirely by funds from the Subject Accounts, including millions of dollars in deposits from profits of the trading activity described above. From my review of the Bank Account, I have learned that between approximately 2015 and 2020, Relative-2 and Relative-3 have moved at least approximately $2.8 million from the Bank Account to

---

[3] Beginning in the Fall of 2018, the majority of the relevant trading in Account-1 as well as other Subject Accounts was conducted from IP addresses associated with the United States, often with locations in or around Virginia.

another account they control. Relative-2 and Relative-3 then wrote checks from this second account to WYGOVSKY and other family members of his totalling at least approximately $660,000. Similarly, in or about December 2020, Relative-2 and Relative-3 sent approximately $22,000 to a bank account controlled by WYGOVSKY as a "gift." I have also learned that between in or about November 2017 and January 2018, Relative-2 and Relative-3 transferred approximately $224,000 to a Slovenian bank. Information associated with the transfers show that they were sent to individuals with a specific last name (the same last name as WYGOVSKY's wife), and that they were denoted as a "gift."

WHEREFORE, I respectfully request that an arrest warrant be issued for SEAN WYGOVSKY, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

s/Thomas McDonald, by the Court, with permission
_____
THOMAS McDONALD
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Sworn to me through the transmission
of this Complaint by reliable electronic means
pursuant to Federal Rule of Criminal Procedure 4.1,
this 1st day of July, 2021

_____
HONORABLE DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

Mod AO 442 (09/13) Arrest Warrant     AUSA Name & Telno:  Daniel Tracer (212) 637-2329

# UNITED STATES DISTRICT COURT

for the

## Southern District of New York

# 21 MAG 6663

United States of America

v.                                              )
                                                )       Case No.
SEAN WYGOVSKY                                   )
                                                )
                                                )
                                                )

_____
            *Defendant*

## ARREST WARRANT

To:     Any authorized law enforcement officer

     **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*  SEAN WYGOVSKY

who is accused of an offense or violation based on the following document filed with the court:

❑ Indictment    ❑ Superseding Indictment    ❑ Information    ❑ Superseding Information    ☑ Complaint
❑ Probation Violation Petition    ❑ Supervised Release Violation Petition    ❑ Violation Notice    ❑ Order of the Court

This offense is briefly described as follows:

  15 U.S.C. 78j(b) & 78ff; 17 C.F.R. 240.10b-5 - Securities Fraud
  18 U.S.C. 1343 - Wire Fraud

Date:    07/01/2021

                                    *Issuing officer's signature*

City and state:    New York, New York                 Hon. Debra Freeman, U.S.M.J.
                                                        *Printed name and title*

| Return | |
|---|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . | |
| Date: _____ | _____ |
|  | *Arresting officer's signature* |
|  | _____ |
|  | *Printed name and title* |

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    **Plaintiff,** | |
| **v.** | **CRIMINAL NO. 1:21-MJ-00544** |
| **SEAN WYGOVSKY,**<br>    **Defendant.** | |

## MOTION FOR DETENTION OF DEFENDANT

The government seeks pretrial detention under Title 18, United States Code, Section 3142, et seq., and would show the Court the following:

1.    The pending case involves:

[ ]  (a)    A crime of violence; 18 U.S.C. § 3142(f)(1)(A).

[ ]  (b)    An offense for which the maximum sentence is life imprisonment or death; 18 U.S.C. § 3142(f)(1)(B).

[ ]  (c)    An offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act or the Maritime Drug Law Enforcement Act; 18 U.S.C. § 3142(f)(1)(C).

[ ]  (d)    A felony committed after the Defendant had been convicted of two or more prior offenses described in Title 18, United States Code, Section 3142(f)(l)(A)-(C) or comparable state or local offenses.

[ ]  (e)    A felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device or any other dangerous weapon or involves the failure to register under section 2250 of title 18, United States Code; 18 U.S.C. § 3142(f)(1)(E).

[**X**]  (f)    A serious risk that the Defendant will flee; 18 U.S.C. § 3142(f)(2)(A).

[ ]  (g)    A serious risk that the person will obstruct or attempt to obstruct justice, or attempt to threaten, injure or intimidate a prospective witness or juror; 18 U.S.C. § 3142(f)(2)(B).

[ ]  (h)  An offense committed by the Defendant while released pending trial or sentence, or while on probation or parole and the person may flee and/or poses a danger to another person and/or the community requiring an initial 10 day detention pursuant to 18 U.S.C. § 3142(d).

[ ]  (i)  An offense committed by the above named defendant who is not a citizen of the United States or lawfully admitted for permanent residence and the person may flee requiring an initial 10 day detention under the provisions of 18 U.S.C. § 3142(d).

2.  No condition or combination of conditions will:

[X]  (a)  Reasonably assure the appearance of the person as required.

[ ]  (b)  Reasonably assure the safety of the community or any other person.

The United States may advocate additional reasons for detention other than those indicated above as the investigation proceeds and new information becomes available. Pursuant to 18 U.S.C. § 3142, the United States moves that the detention hearing be continued for **THREE (3)** days, so that the United States can prepare for the hearing. The Government requests that the Defendant be held without bond.

Respectfully submitted,

ASHLEY C. HOFF
UNITED STATES ATTORNEY

*/s/ Matt Harding*
MATT HARDING
Assistant U. S. Attorney
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
Office  (512) 916-5858
Fax     (512) 916 5854

2

## CERTIFICATE OF SERVICE

I certify that on July 2, 2021, a copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System.


By:     _/s/ Matt Harding_____
        MATT HARDING
        Assistant United States Attorney

3

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| United States of America | § | Criminal No.: **AU:21-M -00544(1)** |
|---|---|---|
| | § | |
| v. | § | Date Appeared: July 02, 2021 |
| | § | |
| (1) Sean Wygovsky | § | Time: 1:38-1:50 PM (12 minutes) |
| *Defendant* | § | |
| | § | |

# INITIAL APPEARANCE

1. Complaint Filed     <u>July 1, 2021</u>     Warrant Issued:     <u>July 1, 2021</u>
   Date                Date

    Arrested     <u>July 2, 2021</u>     Agency:     <u>USMS</u>
   Date                Agency

2. COURT PERSONNEL:

    U.S. Magistrate Judge:    SUSAN HIGHTOWER
       Courtroom Deputy:    James Ferrell
       Pretrial Officer:    N/A
       Interpreter:    N/A

3. APPEARANCES:

    AUSA:    N/A
       DEFT ATTY:   N/A

4. PROCEEDINGS:

| | | | |
|---|---|---|---|
| a. | Age _____ Education _____ | Gender | Male |
| b. | Defendant understands proceedings and is mentally competent. | | Y |
| c. | Defendant is informed of constitutional rights. | | Y |
| d. | Defendant understands charges. | | Y |
| e. | If charged on complaint, Defendant informed of right to Preliminary Hearing. | | Y |
| f. | Defendant informed of right to legal counsel. | | Y |

    _____ 1)    Defendant waives counsel.
    __X__ 2)    Defendant intends to retain counsel.
    _____ 3)    Defendant has retained counsel:    Russell Duncan (rduncan@clarkhill.com)
                       Phone No.:   (202) 640-6657
    _____ 4)    Defendant requests appointment of counsel.
                       Defendant HAS NOT completed the CJA23 financial affidavit.
                _____    Court will appoint counsel in the interest of justice based on defendant's verbal accounting of current financial status.

             _____    Defendant HAS completed the CJA23 financial affidavit and the Court will appoint counsel because:
                _____    The defendant is indigent at this time.
                _____    Even though the defendant is not indigent, counsel will be appointed in the interests of justice.
             _____    The Court finds that the defendant is NOT eligible and denies request.

PROCEEDING MEMO - INITIAL APPEARANCE
In Re:  (1) Sean Wygovsky
Page 2 of 2 Pages

g.    PRE-TRIAL RELEASE:

    __X__  1)   The Government makes ☐ oral    or    ☒ written motion for detention under 18 USC 3142.
                     Court sets detention  hearing for _____Thursday, July 8 at 11:30am_____

    _____  2)   The Court sua sponte moves for detention.  The detention hearing is set for
                     _____ at _____

    _____  3)   The Defendant ☐ is released ☐ will be released on the following conditions:
                     Bond is set at $ _____

                     *(Check the following that apply:)*

| | | | |
|---|---|---|---|
| _____ | unsecured | _____ | unsecured with 10% posted to the registry |
| _____ | cash or corporate | _____ | additional sureties |
| _____ | 3rd party custodian | _____ | as set forth in Order Setting Conditions of Release |

h.    Temporary Detention issued _____July 2, 2021_____ Preliminary Hearing set for _____Thursday, July 8 at 11:30am_____

i.    REMOVAL PROCEEDINGS:
    The Defendant is advised of Rule 20 and Rule 5 rights and ....

    _____  1)   The Defendant waives Rule 5(c)(3)(D)(ii) and is detained pending removal to the
                     _____. Detention hearing is to be held in that district.

    _____  2)   The Defendant waives Rule 5 and is released on bond.  The Defendant is ordered to appear in the
                     _____ ☐ on _____
                     or ☐ when notified by the prosecuting district.

    _____  3)   The Defendant is ☐ detained ☐ released on bond and requests Rule 5(c)(3) hearing.  The
                     Court sets hearing for _____

j.    Other:  **Identity Hearing orally waived.**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | NO:  AU:21-M -00544(1) |
| | § | |
| (1) Sean Wygovsky | § | |

## ORDER OF TEMPORARY DETENTION

A [X] Detention hearing and a  [X] Preliminary hearing   in this case is scheduled as follows:

| | |
|---|---|
| Place:            501 West 5th Street, Austin, Texas, 78701 | Courtroom No.: 6, 6th Floor |
| Presiding Judge:   U.S. Magistrate Judge Susan Hightower | Date and Time: Thursday, July 8, 2021 at 11:30 A.M. |

**IT IS ORDERED:**  Pending the hearing, the defendant is to be detained in the custody of the United States Marshal or any other authorized officer.   The custodian must bring the defendant to the hearing at the time, date, and place set forth above.

If the defendant chooses to waive hearing(s), a written waiver (attached) **must be signed by defendant and defendant's counsel and filed by 4:00 p.m. the day before scheduled hearing**.

July 02, 2021

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | NO:  AU:21-M -00544(1) |
| | § | |
| (1) Sean Wygovsky | § | *Charging District's Case No.: 1:21-mj-6663* |

**Waiver of Rule 5 & 5.1 Hearing**
(Complaint/Information/Indictment)

I understand that I have been charged in another district,  the Southern District of New York.

I have been informed of the charges and of my rights to:

(1)  retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)  an identity hearing to determine whether I am the person named in the charges;

(3)  production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)  a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)  a hearing on any motion by the government for detention;

(6)  request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

(   )  an identity hearing and production of the warrant.

(   )  a preliminary hearing.

(   )   a detention hearing.

(   )  an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that any preliminary or detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

_____
(1) Sean Wygovsky, *Defendant*

_____     _____
*Date*

*Counsel for Defendant*

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

# PRELIMINARY / DETENTION HEARING

CASE NO.    AU:21-M -00544(1)            LOCATION:   AUSTIN, TEXAS

DEFENDANT: (1) Sean Wygovsky           ATTORNEY:  Russell D. Duncan (by phone)

MAGISTRATE JUDGE: SUSAN HIGHTOWER      AUSA:

COURTROOM       James Ferrell          INTERPRETER:   N/A
DEPUTY:

COURT REPORTER:   FTR Gold - ERO       PRETRIAL OFFICER:  Evan Cisneros

CSO:              Mark Cruise          TIME:       10:31 - 10:49 AM (18 minutes)

HEARING DATE:     July 8, 2021                     non-evidentiary

# PROCEEDINGS

| | |
|---|---|
| X | **ORAL WAIVER** OF PRELIMINARY HEARING FILED |
| | WAIVER OF ARRAIGNMENT HEARING FILED |
| | WAIVER OF DETENTION HEARING FILED |
| | PRELIMINARY / DETENTION HEARING HELD |
| | DEFENDANT SWORN |
| | COURT READ CHARGES TO DEFENDANT; DEFENDANT PLED NOT GUILTY |
| | COURT FINDS PROBABLE CAUSE EXISTS TO PRESENT CASE TO GRAND JURY FOR INDICTMENT |
| | WITNESS SWORN AND TESTIFIED |
| | EXHIBITS OFFERED AND ADMITTED |
| | ARGUMENT OF COUNSEL HEARD |
| X | MOTION FOR DETENTION IS **WITHDRAWN** |
| X | COURT FINDS DEFENDANT WILL BE **RELEASED ON BOND CONDITIONS** |
| X | CONDITIONS REVIEWED WITH DEFENDANT WHO ACKNOWLEDGED UNDERSTANDING & SIGNED NAME |
| X | HEARING CONCLUDED |
| X | WRITTEN ORDER TO FOLLOW |

OTHER:

# UNITED STATES DISTRICT COURT
### for the
### Western District of Texas

**FILED**

JUL 0 8 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

|  |  |
|---|---|
| United States of America | ) |
| v. | ) |
|  | ) Case No. 1:21-MJ-00544-001 |
| Sean Wygovsky | ) |
| *Defendant* | ) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____ U.S. Courthouse, 500 Pearl Street New York, NY 10007-1312 _____

*Place*

on _____ As directed. _____

*Date and Time*

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

AO 199B  (Rev. 10/20)  Additional Conditions of Release

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ) (6)  The defendant is placed in the custody of:

Person or organization _____

Address *(only if above is an organization)* _____

City and state _____     Tel. No. _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____     _____

Custodian     Date

(✓) (7)  The defendant must:

(✓) (a) submit to supervision by and report for supervision to the   U.S. Pretrial Services Office  ,
telephone number   (512) 916-5297  , no later than   as directed  .

(✓) (b) continue or actively seek employment.

( ) (c) continue or start an education program.

(✓) (d) surrender any passport to:   U.S. Pretrial Services Office

(✓) (e) not obtain a passport or other international travel document.

(✓) (f) abide by the following restrictions on personal association, residence, or travel:   Travel restricted to SDNY/EDNY/and DNJ.
The defendant shall reside in SDNY/EDNY and DNJ. **May return from Austin to New Jersey.**

(✓) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution,
including:  **all co-defendants**

( ) (h) get medical or psychiatric treatment:   if directed by U.S. Pretrial Services.

( ) (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling,
or the following purposes: _____

( ) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers
necessary.

(✓) (k) not possess a firearm, destructive device, or other weapon.

(✓) (l) not use alcohol ( ) at all ( ✓ ) excessively.

(✓) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed
medical practitioner.

(✓) (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer.  Testing may be used with
random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of
prohibited substance screening or testing.  The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy
of prohibited substance screening or testing.

(✓) (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or
supervising officer.

(✓) (p) participate in one of the following location restriction programs and comply with its requirements as directed.
( ) (i)  **Curfew.** You are restricted to your residence every day ( ) from _____ to _____ , or ( ) as
directed by the pretrial services office or supervising officer; or
( ) (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services;
medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other
activities approved in advance by the pretrial services office or supervising officer; or
( ) (iii)  **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and
court appearances or other activities specifically approved by the court; or
( ✓ ) (iv)  **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions.  However,
you must comply with the location or travel restrictions as imposed by the court.
**Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

(✓) (q) submit to the following location monitoring technology and comply with its requirements as directed:

## ADDITIONAL CONDITIONS OF RELEASE

( ☐ ) (i)   Location monitoring technology as directed by the pretrial services or supervising officer; or

( ☐ ) (ii)  Voice Recognition; or

( ☐ ) (iii) Radio Frequency; or

( ☑ ) (iv)  GPS.

( ☑ ) (r)   pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

( ☑ ) (s)   report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ☑ ) (t)   No new lines of credit or bank accounts without obtaining permission from U.S. Pretrial Services.

( ☑ ) (u)   Defendant has until July 22, 2021 to post bond in the Southern District of New York and have bond co-signed.

( ☐ ) (v)   _____

( ☐ ) (w)   _____

( ☐ ) (x)   _____

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant / Signature*

_____
*City and State*

### Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released.

( ☐ ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____7/8/2021_____           _____
                                            *Judicial Officer's Signature*

                                          U.S. Magistrate, Susan Hightower
                                          *Printed name and title*

DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

AO 98 (Rev. 12/11) Appearance Bond

# FILED

# UNITED STATES DISTRICT COURT
for the

JUL 0 8 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

DEPUTY

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Sean Wygovsky | ) Case No. 1-21-MJ-00544-001 |
| Defendant | ) |

## APPEARANCE BOND

### Defendant's Agreement

I, **Sean Wygovsky** _(defendant)_, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( ✓ )    to appear for court proceedings;
( ✓ )    if convicted, to surrender to serve a sentence that the court may impose; or
( ☐ )    to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

( ☐ ) (1)  This is a personal recognizance bond.

( ☐ ) (2)  This is an unsecured bond of $ _____ .

( ✓ ) (3)  This is a secured bond of $ **1,000,000.00** , secured by:

    ( ✓ )  (a) $ **500,000.00** , in cash deposited with the court.

    ( ☐ )  (b) the agreement of the defendant and each surety to forfeit the following cash or other property _(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value):_

    If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    ( ☐ )  (c) a bail bond with a solvent surety _(attach a copy of the bail bond, or describe it and identify the surety):_

### Forfeiture or Release of the Bond

_Forfeiture of the Bond._ This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1) all owners of the property securing this appearance bond are included on the bond;
(2) the property is not subject to claims, except as described above; and
(3) I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: 07/08/2021

_____
*Defendant's signature*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

CLERK OF COURT

Date: 07/08/2021

_____
*Signature of Clerk or Deputy Clerk*

Approved.

Date: 07/08/2021

_____
*Judge's signature*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | NO:  AU:21-M -00544(1) |
| | § | |
| (1) Sean Wygovsky | § | |

*Charging District:  Southern District of New York*
*Charging District's Case No.: 1:21-MJ-6663*

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and **ORDERED TO APPEAR** in the district court where the charges are pending to answer those charges.  If the time to appear in that court has not yet been set, the defendant must appear when notified to do so.  Otherwise, the time and place to appear in that court are:

| | |
|---|---|
| Place: | Courtroom No. |
| | Date and Time: |

The U.S. District Clerk is **ORDERED** to transfer any bail deposited in the registry of this court to the court where the charges are pending.

Date:  July 8, 2021

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE